IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-0785-WYD-CBS

ALICE E. SWANSON,

      Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY;

      Defendant.

_____

**ORDER ON MOTION TO DISMISS**
_____

I.      <u>INTRODUCTION AND BACKGROUND</u>

THIS MATTER is before the Court on Defendants' Motion to Dismiss (ECF No. 9), filed on June 16, 2015.   A response was filed on July 7, 2015, and a reply was filed on July 17, 2015.   Subsequent to the motion being fully briefed, the parties filed a Stipulation of Dismissal with Prejudice of Bank of America Corporation and Bank of America Benefit Plan from the Second Claim for Relief (see ECF No. 19).   That stipulation was received and accepted by the Court on August 26, 2015.   Plaintiff then filed a Supplemental Citation of Authority in Response to Defendants' Motion to Dismiss (see ECF No. 20). Defendants then filed a Motion to Supplement the Motion to Dismiss (ECF No. 26), on September 14, 2015, in light of the subsequent filings beyond the time that the motion was fully briefed.   A response to that motion was filed on October 5, 2015, and a reply was filed on October 15, 2015.   Accordingly, there are two pending motions before the Court – the Defendants' Motion to Dismiss (ECF No. 9), and the Defendants' Motion to Supplement the Motion to Dismiss (ECF No. 26).

By way of background, this case arises out of Plaintiff's claim for Accidental Death

and Personal Loss ("ADPL") benefits pursuant to an employee welfare benefits plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq, ("ERISA").   Plaintiff alleges that she is entitled to the ADPL benefits due to the death of her spouse, who was a participant under the benefits plan.   The plan was issued to Bank of America, designating Aetna as the claims administrator and Bank of America as the plan administrator.   Aetna approved the Plaintiff's claim for basic life and supplemental life insurance benefits, but denied her claim for ADPL benefits, claiming that her spouse's death was not a covered loss under the terms of the plan.   Plaintiff filed an administrative appeal, and Aetna affirmed the original denial.   Plaintiff brings two claims for relief in her amended complaint:   the first for benefits under 29 U.S.C. § 1133(2) and the second for penalties under 29 U.S.C. § 1132(c)(1).   She seeks declaratory relief, actual damages, attorney's fees and other costs, including expert witness fees.

Defendants' Motion to Dismiss argues that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.   They claim that under the statutory provision cited by the Plaintiff in her first claim, there is no right to a substantive cause of action.   For Plaintiff's second claim, they claim that the statutory provision cited by the Plaintiff only allows a claim for penalties to be brought against a plan administrator, not a claims administrator, and since the Plaintiff only requested documents of Aetna (the claims administrator), the claim cannot stand.

While Plaintiff refers to disputed and undisputed facts in her response to the motion to dismiss, at this stage I must "accept all well-pleaded facts" in the complaint "as

true and view them in the light most favorable" to the party asserting the claim.

*Jordan-Arapahoe, LLP v. Bd. Of Cnty Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).

Plaintiff alleges that after her husband died in January of 2013, she submitted a timely

claim for accidental death benefits under the benefits plan.   Pl.'s Compl., ECF No. 4, p. 3;

*see also* the Group Accident and Health Insurance Policy, attached to the motion as

Exhibit A; and the Schedules of Life Insurance, Dependents Life Insurance, Accidental

Death and Personal Loss, and Dependents Accidental Death and Personal Loss,

attached to the motion as Exhibit B.[1]

Plaintiff alleges that she received a letter from Aetna on April 29, 2013, denying

ADPL benefits.   Pl.'s Compl., ECF No. 4, p. 3.   Plaintiff states that she requested

documentation from Aetna on May 17, 2013 and June 26, 2013, including a certified copy

of the policy and the documents used in determining the denial.   Plaintiff contends that

she made these requests based on language in the denial letter from Aetna, stating that it

would produce "upon request and free of charge, reasonable access to and copies of all

documents, records, and other information relevant to your claim for benefits."   *Id.*

Plaintiff made additional requests on November 18, 2013, March 3, 2014, March 14,

2014, and November 19, 2014.   *Id.* at 4-5.   Aetna provided a copy of the policy and

"incomplete copies of purported computer notes" on November 21, 2014.   *Id.* at 5.

Under Plaintiff's first claim of relief, she alleges that she has not been provided "a

---

1 If a document is "referred to in the complaint and is central to the plaintiff's claim," a court
may consider the document on a motion to dismiss without converting the motion to one for summary
judgment.   *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). Here, the
Plan provides the basis for Plaintiff's claims and is referred to in the Complaint.   Thus, I find it proper to
consider the Plan in analyzing the motion to dismiss.

full and complete copy of the claim record, all documents, records and other information relevant to the claim." *Id.*   She further claims that Aetna "was operating under a conflict of interest in making its decision to deny accidental death benefits," claiming that Aetna's denial decisions were "made by undisclosed representatives of Aetna," and that "Aetna has refused to fully disclose or identify the decision maker, their qualifications or what additional information or opinions were considered, despite requests for same by Plaintiff." *Id.* at 6.   She also contends that Aetna failed to have "rules, criteria, guidelines, protocols, manuals or other documents of that nature in place or that complied with ERISA for the review and handling of Plaintiff's claim." *Id.*   She claims that the Defendants failed to adequately investigate or consider medical evidence regarding the accidental nature of her husband's death.   *Id.* at 6-7.   Plaintiff also claims that she was denied a full and fair review of the ADPL claim.   *Id.* at 8.

Under her second claim of relief, Plaintiff claims that the Defendants have "delayed or failed to produce other instruments under which the Plan is established" and that they "intentionally and without basis delayed and failed to produce upon request all documents, records and other information relevant to Plaintiff's claim for benefits" as well as those generated during the appeal process.   *Id.* at 9.   She notes that under 29 U.S.C. § 1132(c)(1)(B), she is entitled to the statutory penalty of $110 per day for each of the violations she identified in her Amended Complaint.   *Id.*

II.   ANALYSIS

## A.  Standard of Review

In reviewing a motion to dismiss, the court must "accept all well-pleaded facts as true and view them in the light most favorable" to the party asserting the claim. *Jordan-Arapahoe, LLP*, 633 F.3d at 1025. To survive a motion to dismiss under Rule 12(b)(6), the party asserting the claim "must allege that 'enough factual matter, taken as true, [makes] his claim for relief ... plausible on its face.'" *Id.* (quotation and internal quotation marks omitted). "A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quotation omitted).

Thus, a party asserting a claim "must include enough facts to 'nudge[] his claims across the line from conceivable to plausible.'" *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303, 1305 (10th Cir. 2011) (quotation omitted). Conclusory allegations are not sufficient to survive a motion to dismiss. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss when the dates given in the complaint make clear that the right sued upon has been extinguished." *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013).

## B.  Claim for Relief based on 29 U.S.C. § 1133(2)

This statute states as follows:

> In accordance with regulations of the Secretary, every employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

Section 1133(2) does not provide for a private cause of action for the recovery of denied benefits.   It provides for a full and fair review of a denial decision.   Case law establishes that a failure to comply with this procedural requirement does not create a private remedy.   In *Moffett v. Halliburton Energy Services*, the Tenth Circuit noted that the plaintiff had inadequately alleged a violation of Section 1133, noting that Section 1133 establishes requirements of the *benefit plan itself*, not of the administrators of the plan. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232-33 (10th Cir. 2002).   The court noted that the plaintiff had not alleged any failure on the part of the *plan* to provide notice or other information, and that an alleged failure by the employer or the plan administrator to provide such notice and/or opportunity is not a violation of section 1133. *Id.*   In another Tenth Circuit case, the court held that "ERISA does not provide a private cause of action for damages to compensate a pensioner for delay," noting that an employer's or plan's failure to comply with ERISA's procedural requirements does not entitle a plaintiff to a substantive remedy.   *Walter v. Int'l Ass'n of Machinists Pension Fund*, 949 F.2d 310, 316 (10th Cir. 1991) (citations omitted).

Here, Plaintiff has not alleged any failure on the part of the plan, but instead asserts that Aetna and Bank of America failed under the requirements of this subsection of the statute.   The Tenth Circuit has established that there is no private right of action under Section 1133 for claims against employers or plan administrators.   In her response to the motion to dismiss, Plaintiff attempts to recast the scope of her claim for relief, claiming that "[t]he claim allegations are broader than under Section 1133," and that the

Court should instead construe her Amended Complaint to include a claim under Section 1132(a)(1)(b).   Section 1132(a)(1)(b) is not pled anywhere in her Amended Complaint. She instead argues in her response that the facts as pled in her Amended Complaint necessarily implicate an entirely different statutory section.   Her attempt to recast the claim is unpersuasive.

Alternatively, in her response, Plaintiff asks the Court for leave to file a second amended complaint.   Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its complaint only by leave of the court or written consent of the adverse party following a twenty-one day period of service of the complaint or service of a responsive pleading or Rule 12 motion.   Fed. R. Civ. Pro. 15(a).   Courts are instructed to "freely give leave when justice requires."   *Id.*   However, a court may deny leave to amend if the proposed amendment is unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party to leave to amend.   *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001).   The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue.   Delay is undue "when the party filing the motion has no adequate explanation for the delay."   *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).   Further, if a Plaintiff knew or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original complaint, leave to amend may be denied.

- 7 -

*Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir.

1990.   I find that the Plaintiff has no adequate explanation for the delay in amending her

Complaint, and that anything that Plaintiff may now be contemplating adding to the

Complaint should have been known to her at the time that the original Complaint was

filed.   As such, the Plaintiff's request for leave to amend her Complaint is denied.

Accordingly, as pled by the Plaintiff, the first claim for relief against the Defendants

must be dismissed.

**C.  Claim for Relief based on 29 U.S.C. § 1132(c)(1)(B)**

The pertinent portion of this statute is as follows:

> Any administrator . . . who fails or refuses to comply with a request for any
> information which such administrator is required by this subchapter to
> furnish to a participant or beneficiary (unless such failure or refusal results
> from matters reasonably beyond the control of the administrator) by mailing
> the material requested to the last known address of the requesting
> participant or beneficiary within 30 days after such request may in the
> court's discretion be personally liable to such participant or beneficiary in
> the amount of up to $100 a day from the date of such failure or refusal, and
> the court may in its discretion order such other relief as it deems proper.

"Administrator" is defined in the definitions portion of the statute at Section

1002(16) as "the person specifically so designated by the terms of the instrument under

which the plan is operated."   Page fifty-five of Exhibit B (the Schedule of Benefits) of the

motion to dismiss shows that the benefits plan identifies Bank of America as the Plan

Administrator.   The following page indicates participant rights under ERISA, including

rights to view various documents either at the Plan Administrator's office, or upon written

request to the Plan Administrator.   Exhibit B also indicates how a participant can enforce

his or her ERISA rights if the Plan Administrator does not comply with ERISA requirements, and ends by stating "[i]f you have any questions about your Plan, you should contact the Plan Administrator."   Ex. B, p. 56.

Case law establishes that the requirements and penalties as described in Section 1132(c)(1)(B) apply only to the plan administrator.   In *Thorpe v. Retirement Plan of Pillsbury*, the Tenth Circuit noted that "ERISA requires plan administrators to respond to informational requests by plan participants," citing Section 1132(c), and noting that "[s]uch causes of action may be brought only against designated plan administrators." *Thorpe v. Ret. Plan of Pillsbury Co.*, 80 F.3d 439, 444 (10th Cir. 1996).   The court noted that the language of Section 1132(c) "is unambiguous and admits of no other interpretation."   *Id.*   The court further noted that, in that case, the Board had been specifically designated as the plan administrator, and that because of that, it was "the only party liable to Plaintiff under 29 U.S.C. § 1132(c)."   *Id.*   The plaintiff in *Thorpe* could not maintain a claim against the defendants because they were not the designated administrators under ERISA.   *Id.*

In the case of *McKinsey v. Sentry Insurance*, the Tenth Circuit similarly found that a defendant who was not the designated plan administrator could not be held liable under a Section 1132(c) claim.   *McKinsey v. Sentry Ins.*, 986 F.2d 401, 405 (10th Cir. 1993).

Additionally, in *Mondry v. Am. Family Mutual Ins. Co.*, 557 F.3d 781, 793 (7th Cir. 2009), the court found that under ERISA, "[b]oth the duty to produce and liability for failure or refusal to produce plan documents are placed on the 'administrator.'"   Accordingly, the

- 9 -

plan administrator is the entity that is liable in connection with the failure to provide plan information under Section 1132(c).

Plaintiff does not dispute that Bank of America is the designated plan administrator in this matter.   *See* Pl.'s Am. Compl., ECF No. 4, p. 2.   Plaintiff never alleges to have requested any documents from any entity other than Aetna, the claims administrator.   No requests were made by the Plaintiff to the plan administrator, Bank of America. However, any discrepancy about which defendant was the correct defendant under the second claim is resolved in light of the fact that, on August 26, 2015, the parties stipulated to dismiss both Bank of America and the Bank of America Benefit Plan as defendants of the second claim in this action.   The dismissal of these defendants from the second claim leaves Aetna, the claims administrator, as the only defendant for this claim, and as discussed above, Section 1132(c) cannot be enforced against any entity except the plan administrator.

Plaintiff contends that she had "inadvertently failed to correct" the stipulation for dismissal, and that she intended to stipulate to dismiss Aetna, not Bank of America.   I am not persuaded that by this contention.   First, the Scheduling Orders at ECF No. 11 (pages 3-4), filed July 14, 2015, and ECF No. 15 (page 4), filed on July 21, 2015, both indicate that the Plaintiff "agrees to dismissal of the second claim for penalties against Defendant Bank of America and Bank of America Benefit Plan."   Next, during the Scheduling Conference on July 21, 2015, the parties discussed the fact that a stipulated dismissal of Bank of America and Bank of America Benefit Plan would be signed and filed

by the parties.   *See* ECF No. 28, at 3:21-23, and 6:15-17.   Next, on August 5, 2015,

counsel for the Defendants emailed counsel for the Plaintiff with a proposed stipulated

dismissal for their review.   The draft stipulation is identical to the one that was filed on

August 26, 2015.   Twenty days later, on August 25, 2015, after not hearing back from

Plaintiff's counsel, Defendants' counsel again contacted Plaintiff's counsel via email to

verify receipt of the proposed stipulation, and to verify their approval.   Plaintiff's counsel

replied that same day, stating that they had delayed in responding because they "wanted

to review these matters with our client again," but then instructed Defendants' counsel to

"[g]o ahead & file same."   Defendants' counsel again confirmed Plaintiff's counsel's

approval of the stipulation on that day, asking if it was acceptable to include their

signature prior to filing.   Plaintiff's counsel replied "[y]es; you have my authority to so

proceed."   At that point, Defendant's counsel filed the stipulated dismissal.   Plaintiff's

contention that the stipulation was filed inadvertently did not come before this Court until

she filed her response to Defendants' motion to supplement the motion to dismiss on

October 5, 2015.   Any argument of inadvertent error under these facts cannot be

considered.

III.   <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that Defendants' Motion to Supplement Motion to Dismiss (ECF No.

26) is **GRANTED**.   It is

FURTHER ORDERED that Defendants' Motion to Dismiss (ECF No. 9) is

**GRANTED** and the claims against Defendants are **DISMISSED**.

Finally, Plaintiff's request for leave to file a Second Amended Complaint is

**DENIED**.

Dated:   January 5, 2016.

BY THE COURT:


s/ Wiley Y. Daniel_____
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE